In The Court of

Criminal Appeals

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 12 2015

Abel Acosta, Clerk

Austin, Texas


Keith Stuart Cumbee 1699482
Applicant, Pro Se



Cause No. OO7-1820-03C



Cover Sheet

CAUSE NO. 007-1820-03 C

IN THE
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS

---

APPLICANTS OBJECTIONS TO THE TRIAL COURTS FINDINGS
IN HIS WRIT OF HABEAS CORPUS
AND REQUEST TO REMAND
FOR EVIDENTIARY HEARING

---

TO THE HONRABLE COURT:

Comes now Keith Stuart Cumbee, Applicant in the above entitled and numbered cause and respectfully presents this his Objections to the trial courts findings and his request that the case be remanded for an evidentiary hearing and in support thereof will respectfully show the following:

ONE

Applicant tenders that his Habeas Corpus has been tagged with the title of "Subsequint Writ" basesaupon Applicant filing of previous Habeas Corpuses within the Smith County Court and it is Applicants firm opinion that his previous Writs were not attacks on his Motion to Revoke Probation but attacks against his "Original Conviction" and that he gave plain and clear instructions to the court that this Habeas Corpus was not against his original conviction but against his Revocation of Probation Hearing. See attached letter to clerk as well as page four (4) of his Habeas Applcation.

TWO

Moreover, Applicant tenders that this Habeas Corpus is based upon information discovered "After" his intitial filing of the previous Habeas Writs as can be validated by the attached envelope from the "Jackson Law Firm" whigh is postmarked August 08, 2014 from which several of the relied upon documents were presented to this Applicant. See attached envelope and pages numbered #51, #57, #59 all of which lay a part of the crucial allegations in Applicants

Habeas Corpus claims herein. and therefore, Applicant meets the burden of 11.07 (4) with the introduction of newly discovered eveidence.

## THREE

In addition to the following Applicant proffers that the State can consider the merits of Applicants claim simply because "It is unlikely that applicant saw or could have known what the labratory report and offense reports reflected" Because he had never layed eyes on the documents prior to his Lawyer supplying them in his last letter to this applicant on 08/08/2014. see document #51 "Lab Report". Applicant therefore tenders that he has met his burden under Artcile 11.07, section 4(a)(1). Further, Applicant tedners he did receive other and further documents that he did not know existed from Louis Rogers on 08/27/2014, with such, Applicant submits he should be allowed to pursue this his writ of Habeas Corpus and lastley offers; Ex Parte KNipp 236 S.W.3d 214 (Tex. Crim. App. 2007).

## FOUR

Applicant argues that in MinnieWeather v. State 636 S.W.2d 235 the State made it clear that a Defendant could not file a collateral attack on his original conviction while his Revocation hearing was pending, therefore, it is the firm and sincere belief of this Applicant that there exist a clear and distinct seperation between the Original conviction and the revocation hearing and based upon such Applicant chose, with this Application, to challenge not his original conviction but the violation of his constitutional rights at and during his revocation of probation hearing

## PRAYER

Applicant prays that this Honorable Court grant this his Objections to the trial courts findings and remands this cause for an evidentiary hearing as soon as possible.

Applicant proffers that he has read this Document and all it contains and states under penalty of purjury that it is true and correct to the best of his knowedge.

Respectfully Submitted, Keith Stuart Cumbee
# 1699482

KEITH STUART CUMBEE

T.D.C.J. # 1699482

STEVENSON UNIT

1525 FM 766

Cuero. Texas 77954



FILED

DEC - 9 2014

LOIS ROGERS

CLERK OF THE DISTRICT ... SMITH CO., TX

BY_____ DEPUTY

LOIS ROGERS. SMITH COUNTY DISTRICT CLERK

SMITH COUNTY COURTHOUSE

100 N. BROADWAY. ROOM 204

TYLER. TEXAS 75702          Re: Cause No. 007-1820-03

Dear Mrs. Rogers.

Greeting's, enclosed, please find my application for writ of habeas corpus pursuant to Art. 11.07 sec. 3 (a).

I respectfully request that you bring this to the attention fo the court at your earliest time possible.

Please note that this is not an attack on my original conviction but rather a constitutional challenge to the actual Probation Revocation Hearing and should not be construed as a subsequent writ.

I would like to thank you in advance for your time in regards to this matter and look forward to hearing from you soon.

Sincerely. *[signature]*

KEITH STUART CUMBEE. APPLICANT

**23**

Keith Cumbee

N1B1100024.8
N2-M3 Investigative

## TEXAS DEPARTMENT OF PUBLIC SAFETY
## CRIMINAL LAW ENFORCEMENT DIVISION
## NARCOTICS SERVICE

# INVESTIGATIVE REPORT

THIS REPORT IS THE PROPERTY OF THE CRIMINAL LAW ENFORCEMENT DIVISION - NARCOTICS SERVICE. NEITHER IT NOR ITS CONTENTS MAY BE DISSEMINATED OUTSIDE THE AGENCY TO WHICH LOANED.

**REPORT TITLE:**
KEITH STUART CUMBEE
16984 CR 373
GLADEWATER, TEXAS
**COUNTY OF ACTIVITY:**
Smith (212)

DISSEMINATED TO:

Cross Related Info? [N]   Dissemination? [N]

**SUBMITTED BY:** Agent Jimmy Burket
**STATIONED:** Tyler, TX

**REPORT RE:** EXECUTION OF ARREST WARRANTS ON KEITH STUART CUMBEE RESULTING IN SEARCH WARRANT EXECUTION OF RESIDENCE

**DEFENDANTS**

CUMBEE, KEITH STUART.
Offense: Poss marij >=50 lbs-5 lbs – 481.121(b)(4) HSC, F3   Offense Date: 01/13/2011
Status: Filed   County: Smith (212)   Arrest Date: 01/13/2011   Arraignment Date: 01/13/2011
Offense: Prob violation-   Offense Date: 01/13/2011
County: Smith (212)   Arrest Date: 01/13/2011   Arraignment Date: 01/13/2011
Offense: Unl poss firearm by felon – 46.04 PC, F3   Offense Date: 01/13/2011
Status: Chargeable.   County: Smith (212)

**SYNOPSIS**

On 01-13-2011, Agent Jim Burket, Texas Department of Public Safety, Criminal Investigations Division, Tyler executed an arrest and search warrant on KEITH STUART CUMBEE at 16984 County Road 373, Gladewater, Texas 75647.

**DPS SENSITIVE**
**INVESTIGATIVE**

---

# TEXAS DEPARTMENT OF PUBLIC SAFETY



STEVE C. McCRAW
DIRECTOR
DAVID McEACHERN
DEPUTY DIRECTOR

TYLER DPS CRIME LAB
P.O. BOX 130040
TYLER, TEXAS 75713-0040
Voice 903-939-9931   Fax 903-939-9977

ALLAN B. POLUNSKY, CHMN.
ADA BROWN
JOHN STEEN
CARIN MARCY BARTH
A. CYNTHIA LEON
COMMISSION

## Drug Analysis Laboratory Report

February 17, 2011

Agent Jim Burket
DPS Criminal Investigation Division
P.O. Box 130040
Tyler, Texas 75713-

**Laboratory Case Number**   **Agency Case Number**   **Offense Date**
L1T1165213   N1B1100024   01/13/11

F-11-00801

**Suspect(s):**
Cumbee, Keith Stuart TXDLJ 01023890

**Offense:** Controlled Substance Offense
**County of Offense:** Smith (212)
**Evidence Submitted on:** January 14, 2011 in person from Agent Jim Burket

**Results of Analysis and Interpretation**

| Exhibit | Net Weight | Conclusion |
|---|---|---|
| 1 | 150.08 g (5.28 oz) | Marihuana |
| 2 | 54.16 g (1.90 oz) | Marihuana |
| 3 | | No Analysis |
| 4 | | No Analysis |
| 5 | 23.60 g (0.83 oz) | Marihuana |
| 0.006 | 1.07 pounds | Marihuana |
| 0.007 | 1.10 pounds | Marihuana |

Clayton F. Cloud III
Forensic Scientist IV
Texas DPS Tyler Laboratory

ACCREDITED BY THE AMERICAN SOCIETY OF CRIME LABORATORY DIRECTORS - LAB ACCREDITATION BOARD
COURTESY · SERVICE · PROTECTION

The Defendant is in
Smith County Jail

CAUSE NO. 007-0219-11

THE STATE OF TEXAS
VS.
KEITH STUART CUMBEE

§
§
§

FILED
LOIS ROGERS
DISTRICT CLERK

2011 MAR -4  AM 8:00

IN THE 7TH JUDICIAL

DISTRICT COURT OF

SMITH COUNTY, TEXAS

By _____ TEXAS
DEPUTY

## ORDER APPOINTING COUNSEL

BE IT KNOWN on the 2nd day of March, 2011, that the Defendant Keith Stuart Cumbee by affidavit filed herein having asked that counsel be appointed to conduct his legal defense against the charge of Possession of Marijuana >4 Oz<=5lbs currently pending.

And the Defendant having filed such affidavit in which he has sworn that he is too poor to employ counsel to represent him, and the Court being of the opinion that the Defendant is unable to employ counsel, it is the order of this Court that REEVE JACKSON, a practicing attorney in and for the State of Texas, is hereby appointed to represent the Defendant in said cause.

SIGNED AND ENTERED on the 2nd day of March, 2011.

_____
HONORABLE KERRY L. RUSSELL
Judge, 7th Judicial District Court
Smith County, Texas

cc:    State
       Keith S. Cumbee — c/o Jail

       REEVE JACKSON
       112 East Line Street, Suite 110
       Tyler, TX 75702
       903-595-6070

---

CAUSE NO. _007-1820-03__

THE STATE OF TEXAS

VS.

Keith Cumbee

IN THE 7TH JUDICIAL

DISTRICT COURT OF

SMITH COUNTY, TEXAS

### PLEA OF GUILTY OR NOLO CONTENDERE BEFORE THE COURT
### DEFERRED ADJUDICATION PROBATION

JUDGE PRESIDING: Honorable Kerry L. Russell

DATE OF JUDGMENT: 1/3/2006

ATTORNEYS FOR THE STATE: D. Matt Bingham/ Jason Parrish

ATTORNEY FOR THE DEFENDANT: William Brandon Baade

OFFENSE SUPPORTED BY PLEA & EVIDENCE: Aggravated Assault

DATE
DEGREE: 2nd (Second)          OFFENSE COMMITTED: 9/24/2001

CHARGING INSTRUMENT — INDICTMENT / INFORMATION —     PLEA: guilty

TERMS OF PLEA AGREEMENT: Attorney for the State recommends 10 (ten) years deferred adjudication probation, plus restitution.

DATE SUPERVISION IMPOSED: 1/3/2006          COURT COST: $263.00

PERIOD OF SUPERVISION:    10 (ten) year

FINE: N/A                                  FINE PROBATED: N/A

RESTITUTION / REPARATION:    $7,161.07

RESTITUTION TO BE PAID TO: Smith County CSCD

### TO RUN CONCURRENT UNLESS OTHERWISE SPECIFIED.

ON THIS DAY, set forth above, the above styled and numbered cause came on for trial. The State of Texas and Defendant appeared by and through the above named attorney and announced ready for trial. Defendant appeared in person in open Court. When Defendant was last represented by counsel, the Court admonished the Defendant as to the dangers and disadvantages of self-representation and the Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel. Defendant in person in open Court made in writing waived his right to trial by jury with the consent and approval of his attorney, the attorney for the State, and the Court. Where shown above that the charging instrument was by information instead of indictment, the Defendant did, with the consent and approval of his attorney, waive his right to prosecution by indictment and agreed to be tried on an information.

---

CAUSE NO. 007-1820-03

THE STATE OF TEXAS § IN THE 7TH JUDICIAL

VS. § DISTRICT COURT OF

KEITH CUMBEE § SMITH COUNTY, TEXAS

## ORDER APPOINTING COUNSEL FOR WITNESS

BE IT KNOWN on the 28th day of January, 2011, that witness DAWN VANNEOTE requested that counsel be appointed to represent her in her capacity as a witness in the above-referenced case currently pending and set for hearing on February 14, 2011 at 11:00 a.m.

And the Court finds that said witness is entitled to counsel, and it is the order of this Court that JOHN JARVIS, a practicing attorney in and for the State of Texas, is hereby appointed to represent DAWN VANNEOTE as a witness in this case.

SIGNED AND ENTERED on the 28th day of January, 2011.

_____
HONORABLE KERRY L. RUSSELL
Judge, 7th Judicial District Court
Smith County, Texas

cc: State
JOHN JARVIS
REEVE JACKSON

FILED
LOIS ROGERS
DISTRICT CLERK

2011 JAN 28 PM 4: 14

BY_____
DEPUTY

---

Sept. 26, 18

Mr. Jackson,

I hope this finds you and yours doing well. Mr. Jackson in your response to my last letter you said I have any questions yet you may. While talking, look out what paperwork I have. I saw a motion in mine in the Orders of the Court dated 11-24-05 but I don't have a copy of the Motion or a Signed Order where a judicial action was taken. Mr. Jackson would you please tell me what this motion was for, where the motion is at and what was done about it. If you can please send me a copy of the motion and judicial order. Thank you, now for anything you do for me.

Respectfully,
Keith Cumbee
1000480

Cause No.
007-1820-03

cc/Kc/File

**59**

Cause No. 007-1820-03-C

FILED
LOIS ROGERS
DISTRICT CLERK

2014 DEC 30 AM 10: 28

SMITH COUNTY, TEXAS

BY_____
　　　　　DEPUTY

| EX PARTE | § | IN THE 7th DISTRICT COURT |
| | § | |
| | § | OF |
| | § | |
| KEITH STUART CUMBEE | § | SMITH COUNTY, TEXAS |

---

## STATE'S ANSWER TO SUCCESSIVE APPLICATION FOR WRIT OF HABEAS CORPUS

---

TO THE HONORABLE JUDGE OF THE 7th DISTRICT COURT:

Pursuant to Section 3 and Section 4, Article 11.07 of the Texas Code of Criminal Procedure, the State, acting through its undersigned Assistant Criminal District Attorney, urges the Court to find that there is no necessity for a hearing on any of Applicant's allegations and to recommend relief be denied. This is a successive writ application under Article 11.07.

### I.　FIRST ART. 11.07 WRIT APPLICATION

On February 16, 2012, Applicant filed with the Court of Criminal Appeals his first application for habeas relief under Art. 11.07 of the Code of Criminal Procedure. The Court subsequently denied relief on this application on March 21, 2009. (WR-77,210-01 /007-1820-03-A).

### II.　SECOND ART. 11.07 WRIT APPLICATION

On October 11, 2013, Applicant filed with the Court of Criminal Appeals his

second application for habeas relief under Art. 11.07 of the Code of Criminal Procedure. The Court dismissed this application as a subsequent writ on January 8, 2014. (WR-77,210-02 /007-1820-03-B).

## III. THE CURRENT WRIT APPLICATION

On December 9, 2014, Applicant filed this, his third Art. 11.07 application for a Writ of Habeas Corpus under the above-numbered cause.

## IV. STATEMENT OF FACTS

The State challenges all factual allegations made by Applicant in his writ application. This is Applicant's third and subsequent writ application and it appears to raise [complaints that have been available since the time of his trial] and before his original writ application] In addition, Applicant has failed to allege sufficient facts for this Court to determine that he has satisfied the dictates of Article 11.07 (4) of the Texas Code of Criminal Procedure.

## V. APPLICANT'S BURDEN OF PROOF

This is a subsequent writ application which falls under the prohibition found in Article 11.07. Texas Code of Criminal Procedure Art. 11.07(4) states that:

> If a subsequent application for a writ of habeas corpus is filed after filing an initial application, a Court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:

2

(1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the Applicant filed the previous application; or,

(2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the Applicant guilty beyond a reasonable doubt.

TEX. CODE CRIM. PRO. ANN. Art. 11.07 (4) (Vernon 2014).

Thus, under the plain language of the statute, once Applicant filed his original application under this cause number, all subsequent applications regarding the same conviction must meet one of the two conditions set forth in Art. 11.07(4). The Court of Criminal Appeals has previously determined that this subsection of Art. 11.07 was intended "to limit a convicted person to 'one bite at the apple.'" *Ex parte Whiteside*, 12 S.W.3d 819, 820 (Tex.Crim.App. 2000); *Ex parte Torres*, 943 S.W.2d 469, 474 (Tex.Crim.App. 1997) (under Art. 11.07 (4), "subsequent applications" includes all applications for writs of habeas corpus regarding the same conviction).

Applicant here has not made the requisite preliminary showings for consideration of a subsequent writ. His claim of ineffective assistance of trial counsel rests entirely upon allegations existing since the time of trial. Applicant has further failed to show any reason why he could not have raised the current grounds for relief in either of his previous writ applications.

3

## VI. CONCLUSION

This Court's authority is strictly limited by Article 11.07 to finding that this current application represents a subsequent application without any exception to the rule regarding the same. The Court " may not consider the merits of or grant relief" in a subsequent writ application without the requisite showings. TEX. CODE CRIM. PRO. Ann. Art. 11.07 (4) (Vernon 2014). There is nothing in this subsequent writ application that comes remotely close to establishing this burden under the law. Moreover, Applicant has not established that he is entitled to relief. This application has no merit and should be denied.

4

## VII. PRAYER

WHEREFORE, PREMISES CONSIDERED, the State prays that the Court find that there are no controverted, previously unresolved facts material to the legality of Applicant's confinement, that there is no necessity for a fact-finding hearing as there is ample evidence in the record for the Court to rule on the relief sought, that the Court enter Findings of Fact and Conclusions of Law, and recommend that, since Applicant has failed to meet his burden in filing a subsequent writ application, the Court cannot reach the merits of his claims, and send him hence without delay.

Respectfully submitted,

D. MATT BINGHAM
Criminal District Attorney
Smith County, Texas

Michael J. West
Asst. Criminal District Attorney
SBOT# 21203300
100 N. Broadway, 4th Fl.
Tyler, Texas 75702
(903) 590-1720
(903) 590-1719 (fax)

5

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the State's Answer in Opposition to Applicant's application for writ of habeas corpus was served United States mail on December 30, 2014, on Applicant, Keith Stuart Cumbee, TDCJ-ID # 1699482, Texas Department of Criminal Justice, Stevenson Unit, 1525 FM 766, Cuero, Texas 77954.

_____
Michael J. West

6

Cause No. 007-1820-03-C

EX PARTE                          §        IN THE 7th DISTRICT COURT
                                  §
                                  §        OF
                                  §
KEITH STUART CUMBEE               §        SMITH COUNTY, TEXAS

## CERTIFICATE: WRIT OF HABEAS CORPUS
## FINDINGS OF FACT AND CONCLUSIONS OF LAW

On December 9, 2014, the defendant in Cause Number 007-1820-03 filed his third Application for a Writ of Habeas Corpus. The State filed a Response. The Court hereby enters its findings and conclusions.

The Court takes judicial notice of all prior proceedings, reporter's records, the documents and papers contained in the files, and the docket sheets in Cause Number 007-1820-03 and the first, second and third Applications for Writ of Habeas Corpus in Cause Numbers 007-1820-03-A, 007-1820-03-B and 007-1820-03-C, respectively. The Court enters the following Findings of Fact and Conclusions of Law:

1. On February 16, 2012, the defendant filed with the Court of Criminal Appeals his first application for habeas relief under Art. 11.07 of the Code of Criminal Procedure. The Court subsequently denied relief on this application on March 21, 2009. (WR-77,210-01 /007-1820-03-A).

2. On October 11, 2013, the defendant filed with the Court of Criminal Appeals his second application for habeas relief under Art. 11.07 of the Code of Criminal Procedure. The Court dismissed this application as a subsequent writ on January 8, 2014. (WR-77,210-02 /007-1820-03-B).

3. On December 9, 2014, the defendant filed his third Art. 11.07 application for a Writ of Habeas Corpus under the above-numbered cause.

4. The defendant's writ application is a subsequent writ application under Article 11.07(4) of the Code of Criminal Procedure. As such, he must make the requisite showings under that section that:

Page 1

(1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the Applicant filed the previous application; or,

(2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the Applicant guilty beyond a reasonable doubt.

5. The defendant has failed to meet his burden with this current application. Specifically where he has not show good cause why he could not raise his current grounds in a previous writ application.

6. The legal procedures in these cases were proper and as provided by the Constitution and Texas law.

The Court concludes that the defendant may be in abuse of the writ process and that it cannot consider the merits of, or grant relief based upon, this subsequent writ application because the defendant has not met his burden under the law. Alternatively, the defendant has not raised a meritable claim and this application should in all things be DENIED.

# ORDER

The Court orders the Clerk of the Court to immediately transfer to the Court of Criminal Appeals:

(1)    a copy of the Application for Writ of Habeas Corpus;

(2)    any answers and waivers executed by the State;

(3)    a copy of the files and docket sheets in the original cause of action and the files and docket sheets in the first Application for Writ of Habeas Corpus; and

(4)    This certificate.

SIGNED AND CERTIFIED on this _____ day of _____, 201_.


_____
HONORABLE KERRY RUSSELL
Judge, 7th District Court
SMITH COUNTY, TEXAS